UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARK FRAZIER,

      Plaintiff,

v.                                                                    Case No. 8:20-cv-1736-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

      Defendant.
_____/


### O R D E R

Before the Court is the Plaintiff's unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 27). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in July 2020, seeking judicial review of the Commissioner's decision denying his application for Supplemental Security Income. (Doc. 1). In March 2022, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 25). The Clerk of Court entered

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

Judgment for the Plaintiff the next day.  (Doc. 26).  The instant motion, filed in late June 2022 and unopposed by the Commissioner, followed.[2]  (Doc. 27).

II.

The EAJA authorizes a court to grant attorney's fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust.  28 U.S.C. § 2412(d).  To warrant an award of attorney's fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he initiated the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust.  *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition.  Thus, a grant of attorney's fees pursuant to the EAJA is appropriate in this matter.

_____

[2] The Plaintiff's motion conforms to this District's recent Standing Order, which now requires that a party's fee application address both the party's entitlement to fees and the amount of the fee request in actions for review of the Commissioner's final decisions under either 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3).  *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021).

In assessing the fee amount to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an evaluation of the proper hourly rate under the Act involves a two-part analysis.  First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).  Second, if the prevailing market rate exceeds $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor.  *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation.  In the Court's experience, counsel submitting EAJA fee petitions for services performed during and after 2020 have typically sought hourly rates exceeding $200.  Accordingly, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125.  The

Court is not alone in this observation. *See, e.g.*, *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021); *Langer ex rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *Cruz-Fernandez v. Comm'r of Soc. Sec.*, 2020 WL 6585598 (M.D. Fla. Nov. 10, 2020).  The Court thus finds it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics's Consumer Price Index (CPI).  *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions using the CPI to evaluate hourly rate adjustments).  Given this case authority, the Court finds it reasonable to use the CPI as a guide for determining cost of living increases under the EAJA.  *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited July 29, 2022).

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Here, the Plaintiff seeks $3,368.23 in attorney's fees predicated upon a total of 17.25 hours expended in this action in 2020, 2021, and 2022 by his lawyer, Martin J. Cohen, at the hourly rate of $195.26.  (Doc. 27).  To buttress his fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Cohen has rendered in the case.  (Doc. 27-1).  The Commissioner does not object to the Plaintiff's calculated fee figure.

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience, the Court finds that the total number of hours and the hourly rate claimed by counsel are reasonable and adequately supported.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comms'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sep. 2, 2021).  As a result, the Plaintiff is entitled to $3,368.23 in attorney's fees.

### III.

Based upon the foregoing, it is hereby ORDERED:

1.      The Plaintiff's unopposed motion for attorney's fees pursuant to the EAJA (Doc. 27) is granted.

2.      The Plaintiff shall be awarded attorney's fees in the amount of $3,368.23.

3.      In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff.  If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyer.

SO ORDERED in Tampa, Florida, this 1st day of August 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record